■ JAMES W. FERGUSON, Appellant, v AMELIA McCARTHY, Individually, and Doing Business as GAMES TOURNAMENT BOARD, Respondents. (Appeal No. 1.) — Order reversed, with costs, and motion denied. All concur, Cardamone, J. P., not participating. Memorandum: Plaintiffs appeal from orders which dismissed their complaints for failure to obtain leave of the court to serve new complaints after their earlier pleadings had been dismissed (CPLR 3211, subd [e]). In December, 1979, defendants moved, pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss plaintiffs' complaints which had been served in November. Plaintiffs opposed that motion on the merits and, in addition, in an affidavit submitted to the court, indicated that they had served amended complaints upon defendants which would cure any defects which were the subject of the motion to dismiss. Copies of the amended pleadings were submitted to the court. Special Term acknowledged receipt of the amended pleading but did not address them and proceeded to dismiss the original complaints on the ground that the actions were barred because of the Statute of Frauds (CPLR 3211, subd [a], par 5). While plaintiffs did not explicitly request leave of the court to serve the amended and corrective pleadings, such request could readily be implied. Moreover, plaintiffs were not required to obtain leave because respon-

sive pleadings had not as yet been served (CPLR 3025, subd [a]). These pleadings are not before the court, all parties apparently having regarded the original actions as dismissed despite the fact that no judicial determination had been made of the amended pleadings. In June, 1980, plaintiffs commenced new actions against defendants by the service of summonses and complaints which are almost identical to the amended 1979 complaints. Defendants again moved to dismiss the complaints on the grounds of failure of consideration and Statute of Frauds (CPLR 3211, subd [a], pars 7, 5) and on the additional ground of *res judicata*. Special Term granted the motion for the reason that plaintiffs had failed to seek leave of the court to plead again after the dismissal of the complaints in 1979 (CPLR 3211, subd [e]). This was error. CPLR 3211 (subd [e]) provides that "[w]here a motion is made on the ground set forth in paragraph seven of subdivision (a) * * * if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers". Plaintiffs' original pleadings were dismissed, not on the basis of paragraph 7 of subdivision (a) but for reasons contained in paragraph 5 of subdivision (a). The statute contains no requirement to seek leave in order to replead when the dismissal is grounded upon this latter statutory provision. We have examined the challenged pleadings and find them sufficient to withstand defendants' motion to dismiss. The earlier dismissal cannot be held to have *res judicata* effect. That dismissal was not upon the merits and it related to a pleading different from the one now before the court (see *VanMinos v Merkley,* 48 AD2d 281). (Appeal from order of Onondaga Supreme Court, J. O'C. Conway, J. — dismiss complaint.) Present — Cardamone, J.P., Callahan, Doerr, Denman and Moule, JJ.